NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0260n.06

No. 09-4193

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Apr 25, 2011**
LEONARD GREEN, Clerk

MARIAM HASSAN EL ASSADI,                          )
                                                  )   ON APPEAL FROM THE
        *Petitioner*,                             )   BOARD OF IMMIGRATION
                                                  )   APPEALS
v.                                                )
                                                  )   **O P I N I O N**
ERIC H. HOLDER, JR., Attorney General             )
                                                  )
        *Respondent*.                             )
                                                  )

BEFORE:    COLE and GIBBONS, Circuit Judges; and CLELAND, District Judge.[*]

**COLE, Circuit Judge**.  Mariam Hassan El Assadi petitions us for review of the decision of

the Board of Immigration Appeals.  That decision affirmed the Immigration Judge's denial of El

Assadi's applications for asylum, withholding of removal, and relief under the Convention Against

Torture.  For the following reasons, we **DENY** El Assadi's petition.

**I.**

El Assadi is a native of Saudi Arabia, but a citizen of no country and thus stateless.  Though

of Palestinian heritage, El Assadi was born and lived in Saudi Arabia until she was nineteen years

old.  Because her parents are not Saudi Arabian, she was only able to live in Saudi Arabia under her

_____

[*] The Honorable Robert H. Cleland, United States District Judge for the Eastern District of
Michigan, sitting by designation.

father's work permit. El Assadi was never eligible for Saudi Arabian citizenship or any other permanent status.

El Assadi testified that she visited her grandmother in Lebanon for one month in either 1998 or 1999 and then returned to Saudi Arabia. However, her Lebanese travel document, issued on July 29, 2000, contains a departure stamp from Lebanon dated August 30, 2000, and El Assadi recalled visiting Lebanon only once. The travel document El Assadi received from Lebanon was valid for five years from the date of issue and allowed unlimited entries into Lebanon. El Assadi then visited the United Kingdom briefly in 2001, returned to Saudi Arabia, and subsequently traveled to the United Kingdom again in July 2002 to attend her brother's wedding. In November 2002, El Assadi departed the United Kingdom for the United States and has remained in the United States since that time. She is currently married to a recipient of asylum in the United States and has two U.S. citizen children with that individual.

El Assadi applied for asylum in 2003, within one year of arriving in the United States. Though he found her testimony credible, the Immigration Judge ("IJ") denied El Assadi's application for failure to show a well-founded fear of future persecution, and the Board of Immigration Appeals ("Board" or "BIA") affirmed. El Assadi timely appealed the denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

## II.

### A. Standard of Review

We review the Board's decision and the portions of the IJ's opinion incorporated therein as the final agency order. *Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009). Although we review

legal determinations de novo, we "must defer to the BIA's reasonable interpretations of the [Immigration and Naturalization Act]." *Id.* at 247 (internal quotation marks and citation omitted). Meanwhile, "[f]actual findings are reviewed under a substantial evidence standard in which we uphold a BIA determination as long as it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotation marks and citations omitted). The "substantial evidence" standard requires us to adopt the Board's findings of fact "[u]nless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks and citation omitted).

**B. Analysis**

El Assadi's first contention is that the Board improperly concluded that Saudi Arabia was the country in which she last habitually resided (and thus from which she had to seek asylum). She claims that Lebanon is her last habitual residence, because it issued her a travel document.

To show that she is a refugee, a person with no nationality, such as El Assadi, must demonstrate that she faces persecution in the "country in which [she] last habitually resided." 8 U.S.C. § 1101(a)(42)(A). The meaning of "last habitually resided" is a question of law we review de novo. *Urbina-Mejia v. Holder*, 597 F.3d 360, 364 (6th Cir. 2010). But because the meaning of that phrase is ambiguous, we must defer to the Board so long as its "answer is based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984).

Here, the IJ looked to the length and nature of the time El Assadi spent in Saudi Arabia in making his determination, and found that her brief visit to Lebanon did not render that country a

place of residence for her, notwithstanding Lebanon's willingness to issue her a travel document. Because the IJ's conclusion relies on "a permissible construction of the statute," *id.*, one that looks to the length and character of the time a refugee spent in a country, we defer to that construction. And substantial evidence supports the Board's application of that construction to the facts here, as El Assadi does not challenge the facts underlying the Board's determination. We thus agree that El Assadi last habitually resided in Saudi Arabia, and she must show that she merits asylum from that country.

A refugee also must have a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Although demonstrating past persecution creates a rebuttable presumption of future persecution, 8 C.F.R. § 208.13(b)(1), El Assadi does not claim past persecution. The sole question, therefore, is whether El Assadi has demonstrated a sufficient likelihood of future persecution if returned to Saudi Arabia.

El Assadi argues that she qualifies for asylum from Saudi Arabia because "she would have no rights and would be unable to work due to the fact she would be a woman with no status." (El Assadi Br. 13.) This inability to work is persecution, she continues, because it would "totally deprive[ her] of the ability to make a living." (*Id.* at 13-14.) Economic deprivation may rise to the level of persecution, though it may do so "only when the resulting conditions are sufficiently severe," *Daneshvar v. Ashcroft*, 355 F.3d 615, 624 n.9 (6th Cir. 2004), that they "constitute a threat to [the] individual's life or freedom," *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled in part on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987).

El Assadi has not shown that she would face economic deprivation that would threaten her "life or freedom" if she is returned to Saudi Arabia. *See id.* As the IJ noted, El Assadi submitted several country reports that include descriptions of "discrimination" against women in Saudi Arabia, (*see, e.g.*, Admin. R. 233-34, 324-43), but these reports do not suggest that women cannot work at all or that they face economic deprivations of sufficient severity to rise to the level of persecution. And El Assadi's brief provides us with no reason to conclude otherwise. We therefore find that substantial evidence supports the Board's denial of El Assadi's asylum application. As El Assadi cannot show eligibility for asylum, she cannot make the higher showings required for withholding of removal, *see* 8 C.F.R. § 208.16(b)(2), or relief under CAT, *see id.* § 208.16(c)(2).

**III.**

For the foregoing reasons, we **DENY** El Assadi's petition.